UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SUSAN TAIT

v.                                    CASE NO. 3:15cv441-MCR-EMT

GRANNY NANNIES OF NORTH
AMERICA, LLC and
MYHYLANDERS ELDERCARE, LLC
_____/

**O R D E R**

The Court hereby amends the Initial Scheduling Order in this case for the purpose of conforming Paragraphs (9) and (10) to the Court's Local Rules, which were amended effective November 24, 2015.  Accordingly, the following language is substituted for Paragraphs (9) and (10) of the Initial Scheduling Order:

(9)   **Attorney's Fees Records**.  In any proceeding in which a party is seeking an award of attorney's fees against an opposing party pursuant to a statute, contract, or other law, the party seeking such an award must:

(a)   Maintain a complete, separate, and accurate record

of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity (i.e. not just "research" or "conference") involved in the action; however, attorney time records shall **NOT** be filed with the Clerk until necessary for the determination of a fee motion, *see* N.D. Fla. Loc. R. 54.1(C), (D);

(b) Maintain a separate time record for services performed by any person not a member of the bar, together with the hourly rate at which such person is actually reimbursed, if a claim will be made for those fees;

(c) Promptly disclose, on request of any party, the total number of hours that have been devoted to the case by the party's attorneys and other timekeepers through the end of the month preceding the request; *see* N.D. Fla. Loc. R. 54.1(D); and

(d) File a motion for an award of attorney's fees and related non-taxable expenses in accordance with Rule 54(d), Federal Rules of Civil Procedure, and the bifurcated procedure set forth in Local

Rule 54.1.

**(10)** <u>**Summary Judgment Motions**</u>.  Any motion for summary judgment filed pursuant to Rule 56 or Rule 12(b)(6) (referencing matters outside the pleadings), Rule 12(c), or 12(d), Federal Rules of Civil Procedure, must be accompanied by a memorandum including a statement of facts, and at the same time, the moving party must file any supporting evidence not already in the record.  An opposing party must file a memorandum in opposition to the motion within 21 days, identifying a genuine issue to be tried and at the same time filing any opposing evidence not already in the record.  Any reply memorandum must be limited to new matters not addressed in the original supporting memorandum and is due within 7 days after the response.

The parties must comply with the form and word limits set forth in the Local Rules.  *See* N.D. Fla. Loc. R. 56.1.  Also, each memorandum must include pinpoint record citations supporting each factual assertion with reference to the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact,

by page, paragraph, number, or other detail sufficient to permit the Court to readily locate and check the source. Motions for summary judgment may be resolved against a party without a hearing and without further notice at any time after the party has had an opportunity to file a responsive memorandum and evidence.

Additionally, to the extent any other provision of the Initial Scheduling Order is inconsistent with the Court's Local Rules, the parties are directed to follow the Local Rules.

**DONE AND ORDERED** on this 11th day of December, 2015.

      s/ *M. Casey Rodgers*
      **M. CASEY RODGERS**
      **CHIEF UNITED STATES DISTRICT JUDGE**